EASTERN DIS.
*January,* 1833.

MONTREVILLE
ET AL.
*vs.*
ROBERTSON.

MONTREVILLE ET AL. *vs.* ROBERTSON.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

Where the matter is properly cognizable by a jury, although the evidence be doubtful, their verdict will not be disturbed.

The plaintiffs claim eight hundred and forty-four dollars and fifty cents, for labor done for the defendant, in pursuance of a written contract between the parties. The plaintiffs also-claim the said sum on a *quantum meruit,* and also claim a privilege on the sugar house of the plaintiff, for the sum due.

A judgment by default was taken, which was set aside, and exceptions filed to the want of residence, to a misnomer of the parties in the petition. The exceptions were sustained and the petition was amended.

The defendant pleaded the general denial, non-fulfilment of the contract by plaintiffs, and payment.

The cause was tried by a jury, who found a verdict for the plaintiffs, and the defendant made an unsuccessful motion to obtain a new trial, and appealed.

*Burk* and *Davis,* for appellants.

1. There is a contract, and it has not been complied with. *La. Code, arts.* 1831, 1883.

2. The plaintiffs' demand, is wholly unsupported by proof. *Code of Practice, art.* 442, *et seg. art.* 458.

3. The amount of the injury found, exceeds the amount of the plaintiffs' claim. *La. Code, art.* 1924, 6 *Toullier, No.* 338.

4. The payment admitted, of record, is a full compensation for any work done by plaintiffs.

EASTERN DIS.     5. The damage occasioned by the plaintiffs neglect and
*January*, 1833.
                unskillfulness, must be deducted from the price of any work
MONTREVILLE     they may have proved.
ET AL.
*vs.*
ROBERTSON.      *Labauve*, for appellee.

1. The verdict of the jury is strongly supported by the evidence, they gave justice to the parties after hearing the testimony from the lips of the witnesses, they decided entirely on matters of fact, and this court cannot interfere with such a verdict.

2. The judge *a quo* who assisted the jury, and who heard the witnesses, was satisfied with the verdict, and refused to grant a new trial.

3. There is no reasonable ground for the appeal, which was taken merely for delay, and to retard the payment of a just debt for labor, due for two years without interest, and which carries none yet. This is a very case for ten per cent. damages.

MATHEWS, J. delivered the opinion of the court.

This is a suit on a *quantum meruit* for work and labor performed by the plaintiffs, as carpenters for the defendant. He pleaded in his answer, payment and defects in the work. The cause was submitted to a jury, who on the testimony adduced, found a verdict in favor of the plaintiffs, for six hundred and six dollars and forty-five cents, subject to a reduction on account of payments, and on this verdict a judgment was rendered for four hundred and seventy-eight dollars and twenty-eight cents, from which the defendant appealed.

Where the matter is properly cognizable by a jury, although the evidence be doubtful, then verdict will not be disturbed.

The case (according to the pleadings on record) involves no questions of law. Although the evidence might raise doubts, as to the sufficiency of the workmanship, yet this was a matter properly cognizable by the jury, and it does not appear to us, that they erred in their conclusion on the facts.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.